IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DENNIS JOEL IVEY,
No. 20635-076,

Petitioner,

vs.

J.S. WALTON,

Respondent.                                              Civil No. 13-cv-01052-DRH

MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This case is before the Court on petitioner Dennis Joel Ivey's application for a writ of habeas corpus, filed on October 8, 2013. Petitioner, an inmate in the United States Prison at Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the enhanced sentence imposed after his 2007 conviction in the Western District of Tennessee (*United States v. Ivey*, Case No. 05-cr-10082-JDT (W.D. Tenn. Aug. 8, 2007)). A jury found petitioner guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and a related charge under 18 U.S.C. § 922(k) regarding an obliterated serial number. On August 8, 2007, he was sentenced to 210 months in prison as an armed career criminal, pursuant to 18 U.S.C. § 924(e)(1), because he had prior qualifying felony convictions for burglary (details regarding the specific crimes used to enhance the sentence are not known to this Court).

Petitioner appealed, challenging: (1) the denial of his motion to suppress; and (2) the reasonableness of his sentence, given his medical disabilities. *United States v. Ivey*, 307 Fed. Appx. 941 (6th Cir. Jan. 26, 2009). The appeal was not successful, and petitioner's within-Guidelines sentence was affirmed.

On September 18, 2009, petitioner moved to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255. He argued that: (1) he was subjected to an illegal search; and (2) that his counsel was ineffective by failing to investigate and present evidence that the searching officer committed perjury and tried to cover up the illegal search. *United States v. Ivey*, Case No. 09-cv-1203-JDT (W.D. Tenn. Sept. 18, 2009). The Section 2255 motion was denied August 27, 2012.

Petitioner is now attempting to raise new arguments regarding the enhancement of his sentence for being an armed career criminal. He cites *Begay v. United States,* 553 U.S. 137 (2008), which holds that to qualify as a "violent felony" under the Armed Career Criminal Act, a crime must be "roughly similar, in kind as well as in degree of risk posed, to the examples" listed in the residual clause, that is, burglary, arson, extortion, or crimes involving the use of explosives. *Id*. at 142–43. He is essentially arguing that if his burglary convictions do not qualify as violent felonies under *Begay*, he is then "actually innocent" of being an armed career criminal, and he is entitled to have his sentence reduced to a non-enhanced term.

**Discussion**

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize Section 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of Section 2255(e). 28 U.S.C. § 2255(e). The savings clause allows a petitioner to bring a claim under Section 2241, where he can show that a remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. *Id.; see also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002).

The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first § 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios,* 696 F.3d 638, 640 (7th Cir. 2012). In *Hill v. Werlinger,* 695 F.3d 644, 648 (7th Cir. 2012), the Seventh Circuit reiterated, " 'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.' " *Id.* (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)).

Petitioner asserts that he could not have raised his challenge to the armed career criminal enhancement before because the *Begay* decision was unavailable. However, *Begay* was decided April 16, 2008. Petitioner's direct appeal was not even concluded until January 26, 2009, and his Section 2255 motion was not filed until September 18, 2009. Thus, a *Begay* argument attacking the armed career criminal enhancement could have been brought before, on both direct appeal and in the Section 2255 petition. The fact that petitioner may be barred from bringing a second Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d at 609–10 (Section 2255 limitation on filing successive motions does not render it an inadequate remedy

for a prisoner who had filed a prior Section 2255 motion). Therefore, the instant Section 2241 action shall be dismissed with prejudice.

### Disposition

To summarize, petitioner Dennis Joel Ivey has not demonstrated that Section 2255 is an inadequate remedy for his current claims, and he cannot raise these claims now through a Section 2241 petition. Accordingly, the petition is summarily **DISMISSED with prejudice.**

### Appeal

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). In addition, a motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R.APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $455.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED.R.APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day appeal deadline.

It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Signed this 31st day of October, 2013.

Digitally signed by David R. Herndon
Date: 2013.10.31 09:57:55 -05'00'

**Chief Judge**
**United States District Court**